(No. 3367— )

Louis Neltnor, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 12, 1941.*

Joseph Sam Perry, for claimant.

George F. Barrett, Attorney General; Maurice J. Walsh, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Prior to and on the 1st day of April, A. D. 1938 the claimant was employed by the Division of Highways of the respondent as a laborer. On the last last mentioned date, while engaged in removing loose sod along Wilson Avenue, about four miles east of Batavia in Kane County, he twisted his leg and thereby sustained a dislocation of the left kneecap. He was immediately taken to the office of Dr. G. A. McGuinness in West Chicago for treatment. He returned to his work on April 5th, and worked that day and the next, but was off work from April 7th to April 11, inclusive. On April 12th he returned to his work and thereafter continued to work on those days on which his services were required, although he remained under the care of Dr. McGuinness until July 10th. Thereafter he continued with his work, but complained of pain in his leg, and on August 18th he was sent by the respondent to Dr. H. B. Thomas, Professor of Orthopedics at the University of Illinois Medical College, under whose direction he received physiotherapy treatments until December 2nd.

On March 24, 1939 claimant again complained of pain in his leg, and was returned by the respondent to Dr. Thomas who provided physiotherapy treatments until May 23d. During all of the time subsequent to August 18, 1938, claimant continued in the employment of the respondent and reported for treatment on the days on which he was not required to work.

On March 30, 1939 he filed his claim in this court asking for an award for partial permanent loss of use of his left leg. During June, 1939 claimant again complained of pain in his leg, and on June 21, 1939 the Division of Highways of the respondent offered him an operation at the expense of the respondent, same to be performed by Dr. Thomas, for the purpose of exploring the knee and determining whether or not the claimant had a damaged cartilage in his knee.

If damage to the cartilage was disclosed, the offer included treatment therefor, confinement in St. Luke's Hos-

pital in Chicago, and payment of compensation during the consequent period of temporary total disability;—which offer was refused by the claimant.

Dr. George A. McGuinness who testified on behalf of the claimant stated that when he examined claimant on October 18, 1939, claimant had a certain limitation of flexion in his left knee, probably ten to fifteen or twenty per cent, and that such condition was permanent. He also stated that there was a definite thickening around the left patella, that the lateral ligaments are definitely stretched, that on motion claimant does have pain, and further stated, without objection, that claimant would have a loss of approximately twenty per cent (20%) of the use of his leg.

Dr. Thomas examined the claimant on September 30, 1940 and found a heaviness or thickness in the tissues around the patella, and some atrophy of the muscles above the left knee on the left side, as the only objective symptoms. At that time the left knee at a point four inches above the upper borders of the patella was three-quarters of an inch smaller than the right knee at the same point. Dr. Thomas found that claimant had normal movement in both knees and stated, without objection, that in his opinion there was ten per cent (10%) disability of the knee.

From a consideration of the record before us, we find that on April 1, 1938, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the annual earnings of the claimant during the year preceding the injury were Twelve Hundred Twenty-two Dollars ($1,222.00), and his average weekly wage was Twenty-three Dollars and Fifty Cents ($23.50); that claimant at the time of his injury had one child under the age of sixteen (16) years; that all necessary first aid, medical, surgical and hospital services were provided by the respondent; that the claimant makes no claim for any temporary disability; that claimant has sustained the permanent loss of ten per cent (10%) of the use of his left leg.

We further find that claimant is entitled to have and receive from the respondent the sum of Twelve Dollars and Ninety-three Cents ($12.93) per week for nineteen (19) weeks for the permanent loss of ten per cent (10%) of the use of his left leg, in accordance with the provisions of paragraph E-15 of Section Eight (8) of the Compensation Act, to wit, the sum of Two Hundred Forty-five Dollars and Sixty-seven Cents ($245.67).

We further find that all of the compensation due to claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, Louis Neltnor, for the sum of Two Hundred Forty-five Dollars and Sixty-seven Cents ($245.67).

This award, being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117) ; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund, in the manner provided by the foregoing Acts.